UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

REVEREND BECK, Ph.D.,

Petitioner,

v.

Warden JESSICA SYMMES,

Respondent.

---

Civil No. 06-2331 (MJD/JJG)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In February 1994, Petitioner pleaded guilty to second degree murder in the state district court for Ramsey County, Minnesota. He was sentenced to thirty years in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights. (Petition, [Docket No. 1], p. (2).)

Petitioner's conviction and sentence were upheld on direct appeal in 1995. State v. Vanderbeck, No. C6-94-1034 (Minn.App. 1995), 1995 WL 34843 (unpublished opinion), rev.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

denied March 29, 1995, cert. denied, 519 U.S. 848 (1996).

Several years later, Petitioner filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, claiming that he was sentenced in violation of the principles discussed in Apprendi v. New Jersey, 530 U.S. 466 (2000). That motion was denied by the trial court, and Petitioner then filed another appeal. In a decision dated June 19, 2001, the Minnesota Court of Appeals rejected Petitioner's Apprendi claims on the merits, and upheld his sentence. Beck v. State, No. C4-00-1740 (Minn.App. 2001), 2001 WL 682738 (unpublished opinion), rev. denied, August 15, 2001, cert. denied, 534 U.S. 1092 (2002).

Petitioner's current habeas corpus petition indicates that he later initiated some other state court action, (the nature of which is not clearly explained), in which he challenged his sentence based on the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). (Petition, p. (3).) He apparently failed in that endeavor too.

On June 8, 2006, Petitioner filed his current federal habeas corpus petition. His petition sets forth a single ground for relief, identified only as "Blakely issues / Double Departure." (Petition, p. (5).) Petitioner's explanation of his claim, repeated verbatim and in its entirety, is as follows:

> "The Minnesota Courts were/remain in non-compliance to the Supremacy Clause of the United States Constitution which requires state court judges to adhere to U.S. Supreme Court rulings. Blakely issuses [sic] are viable on federal habeas corpus review retroactively. (U.S. v. Hamilton, 2004 WL U.S. Dist. Lexis 16432 (W.D.Wisc. Aug. 17, 2004)."

(Petition, p. (5).)

As far as the Court can tell, Petitioner is claiming that his sentence should be vacated pursuant to Apprendi and Blakely, because the length of his sentence was based on factual

determinations made by the trial court judge alone, rather than a jury. However, Petitioner's habeas corpus petition is untimely, and this action must therefore be summarily dismissed without reaching the merits of his Apprendi-Blakely claim.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the

State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any new evidence that could not have been discovered earlier.

The Court also finds that § 2244(d)(1)(C) does not apply here, because Petitioner's Apprendi-Blakely claim is not based on a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. Although Apprendi and Blakely did establish a new rule of constitutional law, (i.e., that factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review. United States v. Moss, 252 F.3d 993, 999-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002); United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005) (per curiam) (unpublished opinion). See also Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir. 2006) (unpublished opinion) (statute of limitations for prisoner's Blakely claim did not begin to run when Blakely was decided, pursuant to § 2244(d)(1)(C), because Blakely is not retroactively applicable on collateral review), pet. for cert. filed, April 11, 2006 (No. 05-10857); Paige v. Birkett, No. 05-CV-71917-DT (E.D.Mich. 2006), 2006 WL 273619 at *3 (habeas petitioner "cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one year limitations period, because the Supreme Court did not indicate in Blakely that its decision was being made retroactive to cases on collateral review"); Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357 at *6 ("§ 2244(d)(1)(C) does not serve to delay the date that the statute of limitations began to run as to petitioner's claim that his sentence violates Blakely..., because Blakely is not retroactively applicable to cases on collateral review"); Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005),

2005 WL 309537 at *3 (statute of limitations pertinent to a Blakely claim does not begin to run on the date when Blakely was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because Blakely has not been made retroactively applicable on collateral review).[2]

Because neither Apprendi nor Blakely is retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run, pursuant to § 2244(d)(1)(C), when either of those cases was decided. Instead, the one-year limitations period began to run, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction and sentence became final on direct review when the United States Supreme Court denied his petition for a writ of certiorari, (following the completion of his direct state court appeals), on October 7, 1996. That is the date when Petitioner's judgment of conviction became "final" for purposes of § 2244(d)(1)(A), and that is therefore the date when the federal habeas corpus statute of limitations began to run in this case. The deadline for filing a federal habeas corpus petition expired one year later, on October 7, 1997. Because Petitioner did not file his current petition until June 8, 2006, which was nearly nine

[2] Petitioner's unexplained citation to United States v. Hamilton, No. 92-CR-0106-C-01, (W.D.Wis. Aug. 17, 2004), 2004 WL 1853161, is inapposite. Contrary to what Petitioner seems to believe, that case did not hold that Blakely is retroactively applicable on collateral review. In the opinion cited by Petitioner, the Court merely decided to hold a federal prisoner's § 2255 motion in abeyance, until it became more clear whether Blakely, and the Supreme Court's subsequent decision in United States v. Booker, 125 S.Ct. 738 (2005), would be made retroactively applicable. Several months later, the same Court concluded that Blakely and Booker could not be applied retroactively on collateral review, and at that point the still pending § 2255 motion was summarily denied as untimely. United States v. Hamilton, No. 92-CR-0106-C-01, (W.D.Wis. Feb. 10, 2005), 2005 WL 372213, citing McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S.Ct. 2559 (2005).

years after the statute of limitations deadline, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he initiated any of his state court collateral actions based on Apprendi and Blakely. The statute of limitations expired on October 7, 1997, and Apprendi was not even decided until June 26, 2000, which was nearly three years after the statute of limitations had already expired. Blakely, of course, was decided later still, on June 24, 2004. Therefore, Petitioner obviously did not initiate his Apprendi-Blakely challenges until well after the statute of limitations had expired.

Petitioner may believe that his state collateral proceedings did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his state post-conviction activities were complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[3]

---

[3] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

Again, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the statute of limitations had already expired several years before he first collaterally attacked his sentence in the state courts. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The statute of limitations expired on October 7, 1997, but Petitioner did not file his current federal habeas corpus petition until almost nine years thereafter. Section 2244(d)(1)(C) did not give Petitioner a fresh one-year limitation period when either Apprendi or Blakely was decided,

---

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

because the new rule of constitutional law announced in those cases is not retroactively applicable on collateral review. Furthermore, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the statute of limitations expired long before he filed his state collateral challenges to his sentence. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be dismissed with prejudice.

## IV. RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated: June 13, 2006

s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 3, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.